UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ALECIA KENDRICK, on her own behalf and
others similarly situated,

            Plaintiff,

v.                                    Case No.  5:06-cv-235-Oc-10GRJ

ALTERNATIVE CARE, INC., a Florida
corporation,

            Defendant.

_____/

## ORDER

Pending before the Court is Plaintiff's Second Motion to Strike Defendant's Affirmative Defenses to Plaintiff's Complaint and Incorporated Memorandum of Law. (Doc. 12.) Defendant has filed a response in opposition and this motion is therefore ripe for review. (Doc. 13.) For the reasons discussed below, Plaintiff's motion is due to be **GRANTED**.

## I. INTRODUCTION

This is an action for overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b)**.** Plaintiff alleges that she was employed as an hourly paid health services employee for the Defendant in Marion County, Florida and that during her employment Defendant failed to properly pay Plaintiff for all hours worked in excess of forty (40) hours within a work week.

Plaintiff requests the Court to strike Defendant's Fifth Affirmative defense, which alleges that "Plaintiff's claims are barred by the doctrine of unclean hands," and to strike

Defendant's Sixth Affirmative defense, which purports to raise the defenses of waiver and estoppel.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(f), "[u]pon motion made by a party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." District courts have "broad discretion in disposing of motions to strike under Fed. R. Civ. P. 12(f)."[1] "An affirmative defense will only be stricken, however, if the defense is "insufficient as a matter of law."[2] A defense is insufficient as a matter of law only if it appears that the defendant cannot succeed under any set of facts which it could prove."[3] In evaluating a motion to strike, "the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings."[4] Affirmative defenses, of course, must comply with the general pleading requirements of Fed. R. Civ. P. 8(a), which requires "a short and plain statement" of the asserted defense. Where the affirmative defenses are no more than "bare bones conclusory allegations they must be stricken.[5]

---

[1] Microsoft Corporation v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002)(citing Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976)).

[2] *Id.*

[3] Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citing Equal Employment Opportunity Comm'n v. First Nat'l Bank, 614 F.2d 1004, 1008 (5th Cir. 1980)).

[4] Microsoft, 211 F.R.D. at 683

[5] *Id.* at 684.

### III. **DISCUSSION**

#### A. **Doctrine of Unclean Hands**

Plaintiff requests the Court to strike Defendant's Fifth Affirmative Defense, alleging unclean hands, because unclean hands is not an available defense to an FLSA action and because, as pled, Defendant has alleged nothing more than the conclusory allegations that "[S]ome or all of the Plaintiff's claims are barred by the doctrine of unclean hands."

Plaintiff argues that the defense of unclean hands is "not available as an affirmative defense" in an FLSA action based upon public policy considerations. According to Plaintiff, the defense of unclean hands has been rejected in other contexts "where a private suit serves important public purposes."[6] Plaintiff reasons that because an action by an employee under the FLSA serves an important public purpose - and the right to overtime cannot be waived under the FLSA - unclean hands is not available in FLSA actions.

Relying upon *McGlothan v. Walmart Stores, Inc.,*[7] Defendant argues that the Court should not strike its unclean hands defense. In *McGlothan* the Court, there, declined to decide the issue of whether the doctrine of unclean hands bars all right to recovery. Rather, in refusing to strike the affirmative defense of unclean hands, the *McGlothan* court analogized the defense to the "after acquired evidence" defense used in discrimination cases. Drawing upon the rationale of the "after acquired evidence"

---

[6] McKinnon v. Nahville Banner Publishing Co., 513 U.S. 352, 360 (1995)(*citing* Perma Life Mufflers, Inc. V. International Parts Corp., 392 U.S. 134, 138 (1968)).

[7] 2006 WL 1679592 (M.D. Fla. 2006).

defense the *McGolthan* court held that the unclean hands defense should not be stricken because the "Court ... should, at a minimum, take into account Plaintiff's alleged misconduct when analyzing remedies."

While *McGothan* may be read to endorse the view that unclean hands may be applicable in FLSA cases - in narrow and limited circumstances - the Court need not decide the larger issue of whether the defense of unclean hands bars all right to recovery in an FLSA case because the defense - as pled by Defendant - alleges nothing, and even under the liberal pleading standards of Rule 8(a), does not provide any notice to Plaintiff of the generic basis or theory of the defense. Because of this shortcoming, Defendant's Fifth affirmative defense is legally insufficient to allege the defense of unclean hands to Plaintiff's claim. Accordingly, Defendant's Fifth Affirmative Defense is due to be stricken.

## B.  Doctrines of Waiver and Estoppel

With regard to the defense of waiver in an FLSA case, Plaintiff is correct that, as a matter of law, an employee's right to overtime compensation cannot be contractually abridged or otherwise waived by an employee.[8] There are only two exceptions where waiver is a recognized defense: (1) an employee accepts full payment of unpaid wages, as supervised by the Secretary of Labor; and (2) an employee accepts payment under a

---

[8] See Morrison v. Exec. Aircraft Refinishing, Inc., 434 F.Supp. 2d 1314 (S.D. Fla. 2005); Lee v. Flightsafety Servs. Corp., 20 F.3d 428, 432 (11th Cir. 1994); Lynn's Food Stores, Inc. v. U.S. Dept. Of Labor, 679 F.2d 1350 (11th Cir. 1983); Tho Dihn Tran v. Alphonse Hotel Corp., 281 F.3d 23 (2nd Cir. 2002); Reich v. Stewart, 121 F.3d 400, 407 (8th Cir. 1997)(an individual cannot waive entitlement to FLSA benefits).

court-approved settlement.[9]  Neither are alleged in this case. Accordingly, to the extent that Defendant seeks to allege in its Sixth Affirmative Defense that Plaintiff waived her right to seek relief under the FLSA, this defense is insufficient, as a matter of law, and is therefore due to be stricken.

Although Defendant labels its Sixth Affirmative Defense as "waiver and estoppel" it is evident from a review of the defense that the main focus of Defendant's allegations relate to the defense of estoppel. The Court therefore will address whether the defense of estoppel may be raised as a matter of law as a defense in a FLSA action.

In support of its estoppel defense Defendant alleges that Plaintiff is estopped from bringing a cause of action under the FLSA because she under reported hours of work, accepted the rate of pay and/or failed to comply with the policies and procedures governing overtime.

As a general proposition, "[f]ederal courts have repeatedly rejected equitable estoppel as an affirmative defense to an FLSA action, even where an employee is required, but fails to, record overtime hours worked."[10]  Estoppel is not an available defense in a FLSA action for the simple reason that FLSA rights cannot be terminated by contract nor waived because to do so would "nullify the purpose" of the statute and thwart the legislative policies it was designed to effectuate.[11]

---

[9] Morrison at 1320.

[10] *Id.*

[11] See Brooklyn Savings Bank v. O'Neill, 324 U.S. 697, 707 (1945); Caserta v. Home Lines Agency, Inc., 273 F.2d 943, 946 (2nd Cir. 1959).

Moreover, an employee cannot be estopped from claiming overtime compensation by failing to keep accurate records because such a result would contravene the legislative intent of the FLSA. As the Supreme Court noted, "[t]he legislative history of the Fair Labor Standards Act shows an intent on the part of Congress to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce."[12] Accordingly, to the extent that Defendant claims Plaintiff failed to submit accurate time records or failed to follow its policies and procedures, such allegations do not, as a matter of law, give rise to an estoppel defense to an FLSA claim.[13]

There is, however, one very narrow exception to the principle that estoppel is not an available defense in an FLSA action. On facts limited to that case, the Fifth Circuit in *Brumbelow v. Quality Mills, Inc.*[14] affirmed the entry of a directed verdict by the trial court in favor of the employer and against the employee where the employee committed an intentional fraud upon his employer by intentionally falsifying his overtime records and the employer had no reason to believe the data was false.[15] That is not what Defendant has alleged here.

---

[12] Brooklyn Sav. Bank, 324 U.S. at 706.

[13] Reich v. Dep't of Conservation and Natural Resources, State of Alabama, 28 F.3d 1076, 1082 (11th Cir. 1994)(holding that failure of employee to report overtime hours does not insulate the employer from liability when the employer had actual or constructive knowledge that the time sheets were inaccurate); Brennan v. Gen. Motors Acceptance Corp., 482 F.2d 825, 827 (5th Cir. 1973)(finding that employer had constructive knowledge that employees were not reporting the total number of overtime hours worked); Caserta, 273 F.2d at 946 (same).

[14] Brumbelow v. Quality Mills Inc., 462 F.2d 1324 (5th Cir. 1972).

[15] Id.

Conspicuously absent from Defendant's Sixth affirmative defense is any mention or suggestion that the Plaintiff committed fraud by intentionally submitting false data to the Defendant, without the Defendant's knowledge. Even interpreting the defense liberally, as the Court must under Rule 8(a), there are no allegations in Defendant's Sixth Affirmative Defense that Plaintiff engaged in the narrow type of conduct proscribed in *Brumbelow*. Indeed, the mere fact that overtime is under reported on the time records is insufficient to defeat an FLSA claim[16] because, the *employer* carries the burden to keep accurate records, and can be charged with actual or constructive knowledge of an employee's hours when a reasonable investigation would have revealed that the records were inaccurate.[17]

Accordingly, as pled, the defense of estoppel cannot be raised, as a matter of law, and therefore, Defendant's Sixth Affirmative Defense is due to be stricken.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Second Motion To Strike Defendant's Affirmative Defenses To Plaintiff's Complaint (Doc. 12) is due to be **GRANTED.** Defendant's Fifth and Sixth Affirmative Defenses, as pled, are hereby **STRICKEN**.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on October 25, 2006.

_Gary R. Jones_
GARY R. JONES
United States Magistrate Judge

Copies to:
All Counsel

---

[16] See, e.g. Burry v. Nat'l Trailer Convoy, Inc., 338 F.2d 422, 426-27 (6th Cir. 1964); Handler v. Thrasher, 191 F.2d 120, 123 (10th Cir. 1951).

[17] See, Reich, 28 F.3d 1076, 1082; Brennan, 482 F.2d 825, 82; Caserta 273 F.2d 943, 946.